**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
JOSEPH & SELINA MCNULTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH & SELINA MCNULTY,<br><br>Plaintiff,<br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | Case No.: '22CV1606 L   DEB<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681, *ET. SEQ.*]**<br>2. **VIOLATIONS OF THE CALFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*]** |

## INTRODUCTION

1. JOSEPH & SELINA MCNULTY (Plaintiffs) bring this action to secure redress from Defendant Experian Information Solutions, Inc. (hereinafter "Equifax") for violations of the Fair Credit Reporting Act ("FCRA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA").

1

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiffs reside here, and Defendant transacts business here.

**PARTIES**

4. Plaintiffs are individuals residing in San Diego County, CA.

5. Defendant Equifax is a limited liability company with its principal place of business located in Atlanta, GA. At all relevant times herein, Defendant Equifax was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Likewise, Equifax is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

# FACTUAL ALLEGATIONS

8. Plaintiffs purchased a boat in 2007 for $ 175,892.00 that was financed by Defendant.

9. Within the last two years, Defendant has reported false, inaccurate and obsolescent information to the credit bureaus regarding Plaintiffs' credit files.

10. Specifically, Defendant's trade-lines on Plaintiff's credit reports reflect the account as a "Repossession Redeemed" and codes the account in "Derogatory Status" even though the wrongful repossession of Plaintiff's boat occurred more than 7 years prior.

11. The "Repossesion Redeemed" and "Derogatory" status notations are false, inaccurate and materially misleading, because Plaintiff was never in default under the account, timely made all payment obligations under the agreement with Defendant, and because such notations are obsolescent.

12. Within the last two years, Plaintiff sent dispute correspondence to Defendant regarding the false and inaccurate credit information Defendant was reporting.

13. As of the date of the filing of this complaint, Defendant continues to report inaccurate and obscelescent information on Plaintiff's credit file.

14. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

15. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, which has hindered and harmed her ability to obtain credit, and diminished her existing and future creditworthiness.

16. As a direct and proximate result of Defendants' above-referenced

willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

### (against Defendant Equifax)

17. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above

18. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

19. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

20. Within the two years preceding the filing of this complaint, Plaintiff notified Equifax of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

21. Equifax failed to conduct a reasonable reinvestigation of the

inaccuracies that Plaintiff disputed, in violation of 15 U.S.C. § 1681s-2(a) and 2(b).

22. Equifax failed to review and consider all relevant information submitted by Plaintiff.

23. Equifax reported obsolescent information in violation of § 1681c(a)(5).

24. As a result of Equifax's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. § 1681i(a)(I) and § 1681c(a)(5), Equifax has failed to remove erroneous and obsolescent information in its credit reporting relating to Plaintiff, after having been notified that Plaintiff disputes that information.

25. Equifax's failure to comply with the requirements of 15 U.S.C. §1681i(a)(l) was willful within the meaning of 15 U.S.C. § 1681n(a) and negligent within the meaning of 15 U.S.C. § 1681o(a).

26. As a result of Equifax's willful and negligent noncompliance with the requirements of 15 U.S.C. §§ 1681c(a)(5), 1681e(b) and 168li(a)(1), Plaintiff has suffered damage to his credit rating and other actual damages and is entitled to actual, statutory and punitive damages under 15 U.S.C. §§ 1681n(a) and o(a).

## SECOND CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.13(a)(2)**

**(Against Defendant)**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Defendant is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

29.     Defendant uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

30.     California Civil Code § 1785.13(a)(2) states that:

"No consumer credit reporting agency shall make any consumer credit report containing any of the following items of information:

…

(2) Suits and judgments that, from the date of entry or renewal, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.

31.     In preparing Credit Reports which contain judgments which antedate their consumer credit reports by more than 10 years, Defendant has violated California Civil Code § 1785.13(a)(2)

32.     As a result of Defendant LexisNexis' violations of Cal. Civ. Code § 1785.13(b), Defendant is reporting obsolete information.

33.     Defendant LexisNexis' failure to comply with the requirements of Cal. Civ. Code § 1785.14(b) is willful within the meaning of Cal. Civ. Code § 1785.31(a)(2), and negligent within the meaning of Cal. Civ. Code § 1785.31(a)(1) respectively.

34.     As a result of LexisNexis' willful and negligent noncompliance with the requirements of Cal. Civ. Code § 1785.14(b), Plaintiff has suffered damage to his credit ratings and other actual damages and is entitled to actual, statutory and punitive damages under §§ 1785.31(a)(2) and 1785.31(a)(1).

### THIRD CAUSE OF ACTION

**Willful Failure to Maintain Reasonable Procedures Designed To Avoid Reporting of Obsolescent Information in violation of Cal. Civ. Code § 1785.14(a)**

**(Against Defendant)**

35.     Plaintiff incorporates the foregoing paragraphs as though the same

were set forth at length herein.

36. Defendant Equifax is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

37. California Civil Code §1785.14(a) states in pertinent part:

> "Every consumer credit reporting agency shall maintain reasonable procedures designed to avoid violations of Section 1785.13 and to limit furnishing of consumer credit reports to the purposes listed under Section 1785.11."

38. Defendant Equifax's failure to comply with the requirements of Cal. Civ. Code § 1785.14(a) is negligent within the meaning of Cal. Civ. Code § 1785.31(a)(l), respectively.

39. As a result of Defendant's negligent violations of the requirements of Cal. Civ. Code § 1785.14(a), Plaintiff has suffered damage to his credit rating and other actual damages.

## FOURTH CAUSE OF ACTION

**Negligent Failure to Maintain Reasonable Procedures Designed To Avoid Reporting of Obsolescent Information in violation of Cal. Civ. Code § 1785.14(a)**

**(Against Defendant Equifax)**

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. Defendant Equifax is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referrred to as Credit Reports, and furnishing these Credit

Reports to third parties.

42. California Civil Code §1785.14(a) states in pertinent part:

"Every consumer credit reporting agency shall maintain reasonable procedures designed to avoid violations of Section 1785.13 and to limit furnishing of consumer credit reports to the purposes listed under Section 1785.11."

43. Defendant Equifax's failure to comply with the requirements of Cal. Civ. Code § 1785.14(a) is negligent within the meaning of Cal. Civ. Code § 1785.31(a)(l), respectively.

44. As a result of Defendant's negligent violations of the requirements of Cal. Civ. Code § 1785.14(a), Plaintiff has suffered damage to his credit rating and other actual damages.

## FIFTH CAUSE OF ACTION

**Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

45. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46. Defendant Equifax is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

47. Defendant Equifax uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(t). Defendants Equifax is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

48. In preparing Credit Reports, Defendant Equifax has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to inaccurately reported late payments, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

49. As a result of Defendant Equifax's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant Equifax is falsely reporting that Plaintiff owes deficiency balances which he does not owe.

50. Defendant Equifax's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

51. As a result of Defendant Equifax's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

52. As a further result of Defendant Equifax's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff has suffered damage to his credit rating and other actual damages.

## SIXTH CAUSE OF ACTION

**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Equifax)**

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. In preparing credit reports relating to Plaintiff, Defendant Equifax has

failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

55. As a result of Defendant Equifax's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant Equifax is falsely reporting that Plaintiff owes deficiency balances which he does not owe.

56. Defendant Equifax's failure to comply with the requirements of 15 U.S.C. § 1681 e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l), respectively.

57. As a result of Defendant's negligent violations of the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiff has suffered damage to his credit rating and other actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

58. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1681(n) and Cal. Civ. Code § 1785.31(a)(2)(A);

59. an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

60. an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

61. an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of the CCRAA Cal. Civ. Code § 1785.14;

62. an award of attorneys' fees and costs pursuant to 15 U.S.C § 1681(o) and Cal. Civ. Code § 1785.31(d).

63. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff's demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: October 18, 2022   **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorneys for Plaintiff*